STATE of Iowa, Appellee,

v.

Jake Emil THOMPSON, Appellant.

No. 91–1579.

Supreme Court of Iowa.

Dec. 23, 1992.

Linda Del Gallo, State Appellate Defender, and Rachele B. Hjelmaas and Patricia J. Cone–Fisher, Asst. Appellate Defenders, for appellant.

Bonnie J. Campbell, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., John P. Sarcone, County Atty., and Odell McGhee, Asst. County Atty., for appellee.

Considered by MCGIVERIN, C.J., and LARSON, SCHULTZ, LAVORATO, and ANDREASEN, JJ.

PER CURIAM.

The question here is whether the district court has discretion to allow a defendant, convicted of a forcible felony pursuant to Iowa Code section 902.7 (1991), to waive his presentence investigation and request immediate sentencing, contrary to sections 901.2 and 901.10. We believe the defendant in the present case knowingly and voluntarily waived consideration of his presentence investigation prior to the district court's imposition of the mandatory mini-mum sentence pursuant to section 902.7. We therefore affirm.

On April 26, 1991, Jake Thompson was charged by trial information with first-degree robbery in violation of Iowa Code sections 711.1 and 711.2 (1991). The trial information alleged that Thompson had committed robbery upon employees of Taco John's while armed with a dangerous weapon. Thompson pleaded not guilty, and the case proceeded to trial. The jury found Thompson guilty of second-degree robbery. It also determined that Thompson had represented that he possessed a firearm or displayed a firearm in a threatening manner during the crime.

At Thompson's sentencing, the State noted that a presentence investigation was being prepared but was not yet done. The State further stated that Thompson and his attorney were waiving any use of the report due to the fact that Thompson was convicted of a forcible felony. Thompson's attorney stated that his client did not want to wait until the report was done and that he desired sentencing to proceed. Thompson confirmed this desire to proceed with sentencing without the report. The court sentenced Thompson to up to ten years in prison with a mandatory minimum of five years.

■ Our scope of review is for the correction of errors at law. Iowa R.App.P. 4. In cases in which section 901.10 is applicable, a sentence imposed by the district court will be disturbed on review only upon a showing that the district court abused its discretion. *See State v. Beaver,* 429 N.W.2d 778, 779–80 (Iowa App.1988). No abuse of discretion will be found unless the defendant shows that such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *State v. Neary,* 470 N.W.2d 27, 29 (Iowa 1991). In exercising its sentencing discretion, the district court must weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and chances for reform. *State v. Johnson,* 476 N.W.2d 330, 335 (Iowa 1991).

Iowa Code section 902.7 provides that a person convicted of a forcible felony, and who was in the possession of or displayed a firearm, is subject to a mandatory minimum sentence of five years before becoming eligible for parole. Because Thompson was convicted of a class "C" forcible felony and used a firearm in commission of the offense, his sentence was subject to the mandatory minimum under section 902.7. Pursuant to section 901.10, however, the district court, when sentencing a person for his or her first conviction under section 902.7, may, at its discretion, impose a sentence less than the mandatory minimum.

Thompson maintains the district court abused its discretion in failing to consider his presentence investigation report and sentencing him to a lesser term pursuant to section 901.10. Thompson argues that, if the district court had considered his presentence investigation report, the district court would have discovered the present conviction was his first under section 902.7 and therefore could have exercised its discretion in imposing a lesser sentence under section 901.10. We find no merit to this argument.

We believe there is a distinction between waiving the presentence investigation, prohibited under section 901.2, and waiving the trial court's use of the report. In the present case, the district court had already ordered the presentence report prior to the sentencing date. However, at the sentencing hearing, both trial counsel and Thompson expressly stated to the district court their decision to forego the waiting period for the presentence report and opt for immediate sentencing. Trial counsel stated "that my client wishes to proceed with sentencing today so that he may go down to Oakdale and not wait for the presentence investigation report due with the 29th sentencing." When questioned by the district court, Thompson confirmed it was his desire to waive the presentence report.

We conclude that Thompson was aware at the time of sentencing the presentence report might contain favorable information that may have resulted in a lesser sentence. However, Thompson did not want to wait for the report to be completed and chose immediate sentencing. Under the circumstances of the present case, we believe Thompson knowingly and voluntarily waived the use of the presentence report in the sentencing process and cannot now complain of any alleged error. *State v. DeWitt*, 286 N.W.2d 379, 383 (Iowa 1979); *State v. Bolinger*, 460 N.W.2d 877, 880 (Iowa App.1990). We further note that, even if the district court had considered the presentence report, Thompson has not shown any abuse of the district court's discretion by imposing the five-year minimum. We do not read section 901.10 as requiring the district court to impose a lesser sentence if it is discovered it is the defendant's first conviction under section 902.7. The district court articulated its reasons for imposing the mandatory minimum based on the record before it. We believe this case is factually distinct from that of *Beaver*, 429 N.W.2d at 779–80, wherein our court of appeals reversed a sentence imposed under section 902.7 and remanded the case for resentencing on the grounds the district court did not appear to be aware it had discretion to impose a lesser sentence pursuant to section 901.10.

AFFIRMED.