**STATE of Iowa, Appellee,**

v.

**Gary Lee BROWN, Appellant.**

No. 93–1234.

Supreme Court of Iowa.

June 22, 1994.

Linda Del Gallo, State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Robert P. Ewald, Asst. Atty. Gen., and John P. Sarcone, County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, NEUMAN, SNELL, and ANDREASEN, JJ.

HARRIS, Justice.

The only assignment of error in this appeal, following defendant's guilty plea to second-degree murder, challenges the trial court's failure to order a presentence investigation report prior to imposition of sentence. We affirm the judgment imposing sentence, but modify and remand so that the report may be procured.

Gary Lee Brown pled guilty to second-degree murder, a class "B" felony, in violation of Iowa Code section 707.3 (1991). At his plea and sentencing hearing Brown waived preparation of his presentence investigation. The district court then sentenced him to a maximum of fifty years imprisonment. Because second-degree murder is a forcible felony this sentence was mandatory. *See* Iowa Code §§ 702.11, 707.3.

According to Iowa Code section 901.2, as it existed at the time of Brown's sentence,[1] upon plea or verdict of guilty, the "court shall order a presentence investigation when the offense is a class 'B,' class 'C,' or class 'D' felony." We have held that a defendant may waive the sentencing court's *use* of a presentence investigation report. *State v. Thompson,* 494 N.W.2d 239, 241 (Iowa 1992). We have however noted "a distinction between waiving the presentence investigation, pro-

---

1. The statute now has been amended to prohibit presentence reports for class "A" felonies. 1994 Iowa Acts ch. ——, § —— [—— Iowa Legis.Serv. —— (West 1994); H.F. 2325]. This amendment does not affect investigation reports for class "B" felonies.

hibited under section 901.2, and waiving the trial court's use of the report." *Id.* This case, unlike *Thompson,* presents the former situation of the defendant's waiver of the presentence investigation's actual preparation (as opposed to its use).

■ Brown argues, and the State concedes, that preparation of a presentence investigation report was mandatory under Iowa Code section 901.2 and our holding in *Thompson.* Both also agree the district court erred in accepting Brown's waiver of the report's preparation. The dispute concerns the proper remedy. Ordinarily, but not always, the proper remedy would be to reverse and remand for resentencing. *See Thompson,* 494 N.W.2d at 241 (noting reversal and remand for resentencing was not necessary).

■ The purpose of the presentence investigation "is to provide the court pertinent information for purposes of sentencing and to include suggestions for correctional planning for use by correctional authorities subsequent to sentencing." Iowa Code § 901.2 (last unnumbered paragraph). The first stated purpose, aid in sentencing, would not be furthered by a resentencing. The latter purpose, aid to correctional authorities, would be satisfied by modification of the district court order.

The judgment of the trial court is modified and affirmed. The case is remanded for entry of an order in compliance with this opinion.

**MODIFIED, AFFIRMED AND REMANDED.**