**STATE of Iowa, Appellee,**

v.

**James Anthony BOLDEN, Appellant.**

No. 94–1208.

Court of Appeals of Iowa.

Aug. 17, 1995.

Ta Yu Yang, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Richard J. Bennett, Assistant Attorney General, John P. Sarcone, County Attorney, and Daniel Voogt, Assistant County Attorney, for appellee.

Heard by DONIELSON, C.J., and SACKETT and HUITINK, JJ.

HUITINK, Judge.

James Bolden appeals the sentence entered upon his convictions of possession of a controlled substance and failure to possess a tax stamp in violation of Iowa Code sections 124.401(1)(c)(3), 453B.3, and 453B.12 (1993).

Bolden's decision to plead guilty was made on the day his jury trial was to begin. Prior to trial Bolden accepted a plea bargain including a reduction of a class C felony to a simple misdemeanor, and the State's willingness to forgo any recommendation regarding consecutive sentences.

The county attorney informed the district court of these terms as well as Bolden's waiver of "any presentence investigation report." The court, after personally addressing the defendant, accepted his guilty plea. Prior to proceeding with sentencing, the district court stated, "It's indicated that you desire to waive your right to a presentence investigation report. Do you understand what you're waiving in that regard?" Bolden replied, "Yes, Your Honor."

The court then honored Bolden's request for immediate sentencing. Bolden was sentenced to concurrent terms for simple possession and tax-stamp offenses. The court, however, ordered these sentences to be served consecutively to a forgery sentence stemming from a prior but recent guilty plea and sentencing. In refusing to make the drug sentences concurrent with the forgery sentence, the district court cited the fact that these crimes were committed while Bolden was free on bail for the prior forgery offense.

On appeal Bolden argues his sentence was illegal because the court failed to order a presentence investigation. He also contends the district court abused its discretion by imposing consecutive sentences.

Our review of the district court's failure to order a presentence investigation is for errors of law. Iowa R.App.P. 4, *State v. Thompson*, 494 N.W.2d 239, 240 (Iowa 1992). The district court's decision to impose consecutive sentences will not be disturbed unless the sentencing record reveals an abuse of discretion. *State v. Beaver*, 429 N.W.2d 778, 779–80 (Iowa App.1988).

Iowa Code section 901.2 (1993) provides for the mandatory preparation of a presentence investigation report upon a plea of guilty to a class D felony. The purpose of the report " 'is to provide the court pertinent information for purposes of sentencing and to include suggestions for correctional planning for use by correctional authorities subsequent to sentencing.' " *State v. Brown*, 518 N.W.2d 351, 352 (Iowa 1994) (quoting Iowa Code § 901.2(3)).

Preparation of the report cannot be validly waived by the defendant, although the defendant's waiver of its *use* at sentencing has withstood appellate review. *Brown*, 518 N.W.2d at 352; *Thompson*, 494 N.W.2d at 240–41 (Iowa 1992). Although the State concedes the failure to order preparation of a

presentence report was error, it cites *Brown* and *Thompson* as authority for Bolden's waiver of the use of a presentence report by the district court.

We find *Brown* and *Thompson* distinguishable because this case does not involve a forcible felony or other offense requiring imposition of a mandatory minimum sentence. The district court was accordingly required to exercise its discretion in selecting an appropriate sentence. The use of a presentence report under these circumstances is essential to the district court's exercise of and our review of its sentencing discretion. Resentencing following preparation and use of a presentence report would further the express purposes of Iowa Code section 901.2 cited earlier. We, in the absence of more express authority, decline to expand the scope of the rule followed in *Brown* and *Thompson* to include Bolden's circumstances.

The defendant's sentence is vacated, and this case is remanded for resentencing following preparation and use of the necessary presentence investigation report.

**VACATED AND REMANDED.**