STATE of Iowa, Appellee,

v.

Stephen Thomas UTHE, Appellant.

No. 95–107.

Supreme Court of Iowa.

Dec. 20, 1995.

Linda Del Gallo, State Appellate Defender, and John F. Fatino, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, Kevin Parker, County Attorney, and Douglas Hammerand, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

PER CURIAM.

The question in the present case is whether the district court has a duty to provide the department of corrections with an updated presentence investigation report after a defendant has noted inaccuracies in the report before the court. The defendant, Stephen Uthe, contends the district court has a duty to order a corrected presentence report for use by the department of corrections after it is notified of inaccuracies. We do not believe the district court has such a duty and we affirm.

Uthe pleaded guilty to one count of forgery in violation of Iowa Code sections 715A.2(1) and 715A.2(2)(a) (1993) in Warren County. The district court ordered a presentence investigation report. The Warren County presentence investigator obtained a report prepared for the Story County district court and appended it to a two-page summary of the pending charge. At the sentencing hearing Uthe moved for the report to be thrown out because it contained numerous inaccuracies concerning his record. The district court asked Uthe to state his disputes with the proffered report. Uthe made several objections and comments about the report compiled for Story County and again asked that a report be prepared specifically for Warren County. The district court refused to order the preparation of a new presentence investigation report. The court noted it would not consider the disputed items in sentencing. The court then stated:

> This PSI is prepared for my benefit in doing the sentencing. That's not the purpose of the PSI, for the Department of Corrections to use. If he has any disputes with it, he can bring those up with the Department of Corrections.

The district court sentenced Uthe to a term of incarceration not to exceed five years, as contemplated by the plea agreement. Uthe has appealed.

Our scope of review is for the correction of errors at law. *State v. Thompson,* 494 N.W.2d 239, 240 (Iowa 1992).

In *State v. Brown,* 518 N.W.2d 351 (Iowa 1994), we considered the issue of whether a defendant could waive the right to have a presentence investigation report prepared. In holding that a defendant could waive the use of a presentence investigation report but not its actual preparation, we noted that Iowa Code section 901.2 (1993), which sets forth the court's duty to order a presentence report, has a dual purpose: (1) to provide the sentencing court with pertinent information for purposes of sentencing, and (2) to provide information for correctional planning use by correctional authorities. 518 N.W.2d at 351–52. We affirmed the district court's sentence since no new sentence was required, but ruled the department of corrections could be aided by the preparation of a presentence investigation report and remanded the case for preparation of such a report. *Id.* Uthe urges us to interpret *Brown* as requiring the district court to provide the department of corrections with an accurate presentence report even after the court has acknowledged the errors and has stated it would not consider them in imposing sentence.

We decline to extend our holding in *Brown* to require the district court to order a corrected presentence investigation report for use by the department of corrections. The primary function of the presentence investigation report is to provide pertinent information to aid the district court in sentencing. We believe any use of the presentence report by the department of corrections is secondary to its use by the court.

In the present case, Uthe informed the district court there were inaccuracies in his presentence investigation report. The district court acknowledged the inaccuracies and stated for the record it would not consider them when rendering Uthe's sentence. We find nothing in section 901.2 or in *Brown* compelling the district court to do more under such circumstances. Uthe may, of course, raise any issues regarding inaccuracies in the report with the department of corrections.

We therefore affirm the district court's denial of Uthe's request for a corrected presentence investigation report. Uthe's conviction is therefore affirmed.

**AFFIRMED.**