**Antonio Riccardo CAMPBELL, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 96–2100.**

Supreme Court of Iowa.

March 25, 1998.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Julia Stoner, Assistant County Attorney, for appellee.

Considered by LARSON, P.J., and CARTER, SNELL, ANDREASEN, and TERNUS, JJ.

PER CURIAM.

The applicant, Antonio Campbell, entered guilty pleas to two counts of first-degree robbery in violation of Iowa Code section 711.2 (1993). At the guilty plea hearing the court informed him the offenses were forcible felonies, the court had no authority to suspend his sentences, and he could be required to serve a five-year minimum due to his use of a handgun. Iowa Code §§ 702.11, 902.7, 907.3. After the court briefly described what a presentence investigation (PSI) report was, Campbell indicated he wanted to waive its preparation.

The sentencing hearing was initially scheduled for April 28, 1994. At that time the court noted a PSI report was being prepared but had not yet been completed. The court very thoroughly explained the purpose and contents of a PSI report and sought confirmation from Campbell that he wished to waive its use. Campbell again indicated he wanted to waive it. For unrelated reasons, the sentencing hearing was continued to May 2, 1994.

At the time of the May 2 hearing, the court and counsel had received the completed PSI report. Campbell again indicated he wanted to waive its use, and the court agreed not to consider it when sentencing him. The State recommended Campbell's sentences run consecutively and Campbell requested they be concurrent. The court sentenced Campbell to two consecutive, indeterminate twenty-five year terms with a five-year minimum on each count due to his use of a firearm.

Campbell's direct appeal was dismissed and he filed a postconviction action. Among other things, he alleged the use of a PSI report could not be waived where the sentencing court retained the discretion to impose consecutive sentences. The district court found Campbell had not been prejudiced by the waiver and the application was dismissed.

On appeal, Campbell argues the waiver of the PSI report was illegal. He contends the use of a PSI report cannot be waived where a court has some discretion in imposing a sentence. He claims he should be resentenced because the sentencing court had the discretion to impose either consecutive or concurrent sentences. Our review is at law. *See Rinehart v. State*, 234 N.W.2d 649, 658 (Iowa 1975) (absent claims of constitutional error review in a postconviction action is at law).

A court is required to order a presentence investigation when a defendant is found guilty of a class "B", "C", or "D" felony and its preparation cannot be waived. Iowa Code § 901.2. The PSI report serves the dual purposes of providing the sentencing court with pertinent information for purposes of sentencing and providing information for correctional planning use by correctional authorities. *Id.; State v. Uthe*, 541 N.W.2d 532, 533 (Iowa 1995).

We have previously recognized a defendant may waive the use but not the preparation of a PSI report. *See State v. Brown,* 518 N.W.2d 351, 351–52 (Iowa 1994); *State v. Thompson,* 494 N.W.2d 239, 241 (Iowa 1992). In *Thompson* we held that as long as a defendant had knowingly and voluntarily waived the use of the PSI report in the sentencing process, he could not later complain of its waiver. *Thompson,* 494 N.W.2d at 241.

In *State v. Bolden,* 538 N.W.2d 879 (Iowa App.1995), the court of appeals distinguished *Brown* and *Thompson* by limiting the waiver of the use of a PSI report to situations involving forcible felonies or the imposition of mandatory minimum sentences. *Bolden,* 538 N.W.2d at 881. The court of appeals reasoned that *Brown* and *Thompson* would not apply since the sentencing court in *Bolden* had been required "to exercise its discretion" in selecting an appropriate sentence. *Id.* The court of appeals vacated the defendant's sentence and remanded for resentencing following the preparation and use of a PSI report. *Id.*

Nothing in either *Brown* or *Thompson* indicates we intended to limit their application to cases involving forcible felonies or the imposition of mandatory minimum sentences. Our opinion in *Thompson* specifically acknowledged that the sentencing court had some discretion with respect to imposing a sentence less than the mandatory minimum. *Thompson,* 494 N.W.2d at 241.

Our recent amendment of Iowa Rule of Criminal Procedure 9(3) also demonstrates that we do not tie the waiver of the use of a PSI report to the absence of sentencing discretion. That amendment authorizes the waiver of the use of a PSI report where a plea agreement is conditioned upon the court's concurrence. Yet even under a rule 9 agreement the court retains some discretion to impose a sentence that is more favorable than that agreed to in the plea agreement. Iowa R.Crim. P. 9(3).

In *Thompson* we emphasized that a district court must determine whether a defendant's waiver of the use of a PSI report is knowing and voluntary and ensure that the defendant is aware the report could contain favorable information which could result in a lesser sentence. *Thompson,* 494 N.W.2d at 241. Here, Campbell was also clearly made aware of the purpose of a PSI report, the role it could play in his sentencing, and that it could contain favorable information about him. He knowingly and voluntarily waived its use. Nothing in chapter 901 or this court's prior decisions supports his contention that the waiver of the use of a PSI report is prohibited merely because the sentencing court has some discretion with respect to the sentence to be imposed. To the extent *Bolden* suggests otherwise, it is overruled. We affirm the denial of Campbell's application for postconviction relief.

**AFFIRMED.**