# IN THE COURT OF APPEALS OF IOWA

No. 14-2042
Filed July 9, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CHANSEY JORDALE LEWIS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Timothy O'Grady, Judge.

Chansey Lewis appeals the judgment and sentence entered following his guilty plea to delivery of a controlled substance. **AFFIRMED AS MODIFIED AND REMANDED.**

Marti D. Nerenstone, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, Matthew Wilbur, County Attorney, and Amy Zacharias, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DOYLE, J.**

Chansey Lewis appeals the judgment and sentence entered following his guilty plea to delivery of a controlled substance (cocaine), challenging the district court's failure to order a presentence investigation (PSI) report prior to imposition of sentence. Lewis also claims his trial counsel was ineffective in allowing him to waive the use of a PSI report at sentencing and in failing to present evidence in support of his sentencing request. We affirm the judgment imposing sentence, but modify and remand so that the report may be procured.

Lewis pled guilty to possession of a controlled substance with intent to deliver, a class "C" felony, in violation of Iowa Code sections 124.401(1)(c)(2)(b) and 124.413 (2013). At his plea and sentencing hearing Lewis waived preparation of his PSI report. His attorney requested the district court sentence Lewis to a residential correctional facility. The district court then sentenced Lewis to a term of imprisonment not to exceed ten years, subject to a one-third mandatory minimum. *See* Iowa Code §§ 124.413, 902.9(1)(d).

Iowa Code section 901.2 provides that upon plea or verdict of guilty, the "court shall order a presentence investigation when the offense is a class 'B,' class 'C,' or class 'D' felony." *Id.* § 901.2(2)(b). Although a defendant may waive the sentencing court's *use* of a PSI report, the *preparation* of a PSI for these offenses "shall not be waived." *Id.*; *see State v. Thompson*, 494 N.W.2d 239, 241 (Iowa 1992) ("[T]here is a distinction between waiving the PSI, prohibited under section 901.2, and waiving the trial court's use of the report.").

Here, Lewis contends—and the State concedes—it was error for the court to waive preparation of a PSI report. To remedy this error, we affirm as modified

the judgment of the district court and remand for entry of an order in compliance with this opinion. *See State v. Brown*, 518 N.W.2d 351, 352 (Iowa 1994) (setting forth remedy for trial court's failure to order a PSI report).

Lewis also claims his trial counsel was ineffective in allowing him to waive the use of a PSI report at sentencing and in failing to present evidence in support of his sentencing request. To succeed on such a claim, Lewis must prove both that (1) his counsel failed to perform an essential duty and (2) he suffered prejudice as a result of his counsel's failure. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015).

At the plea and sentencing hearing, the district court informed Lewis "sentencing [is] open, it's not a pre-established agreed upon sentence," and a PSI report "would give me a background study of your personal and your criminal history and they would make some sentencing recommendations." Lewis expressly stated his decision to "waive" the PSI report. The court then told Lewis "if you need any additional time to speak to [trial counsel] about any of this now, you let me know." Lewis confirmed his desire to proceed to immediate sentencing. Lewis stated, "I'd like to get back to my family, my four kids. Also like to get some treatment. . . . I've got a place—a place for all my kids. . . . I have a job out there waiting for me so I'm ready to get back and do better." Trial counsel then stated:

> [My client] does have a prior manufacturing marijuana. He was sentenced to 180 days between when he was in before and now he's done that and it's off the table.
> With that, bringing that other charge up, he did get probation. He's never had a chance to attend the RCF [residential correctional facility]. What he's spoken about—to me about is he's requesting the RCF for maximum benefits so he can get his stuff straightened

out. And if you want to talk more about it, he has substance abuse issues and that need to be taken care of and we believe that that would be best to happen at the RCF and not prison.

Upon our de novo review, *see id.* (setting forth standard of review of ineffective-assistance-of-counsel claims), we conclude Lewis was aware at the time of sentencing of the purpose of a PSI report, the role it could play in his sentencing, and that the PSI report may contain favorable information that could have resulted in a lesser sentence. Lewis knowingly and voluntarily waived the report and chose immediate sentencing. Under these circumstances, trial counsel was not ineffective in allowing Lewis to waive the use of a PSI report at sentencing. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) (noting trial counsel has no duty to raise an issue that has no merit); *State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003) (noting failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance of counsel). We further observe trial counsel—as well as Lewis—spoke to the court in support of Lewis's sentencing request. The district court imposed a sentence within the statutory parameters and articulated its reasons for imposing the sentence based on the record before it.[1] Under these circumstances, Lewis has not shown a reasonable probability that but for his counsel's alleged deficiencies the result of the proceeding would have been different. *See State v. Braggs*, 784

---

[1] The court stated:

> The reason for the sentence, Mr. Lewis, is your prior criminal history. If you had benefited from the probation that had been established before, you wouldn't have committed a new offense. I understand your concerns about your children and your family, but if those were first in your mind, you wouldn't have been selling cocaine. So that's the reason for the sentence.
>
> I'll take you at your word, though, that you intend to turn your life around. There is substance abuse treatment available for you in the penitentiary system and you should avail yourself of that.

N.W.2d 31, 34 (Iowa 2010) (setting forth standard to establish prejudice); *Polly*, 657 N.W.2d at 465.

The judgment of the trial court is modified and affirmed.  The case is remanded for entry of an order in compliance with this opinion.

**AFFIRMED AS MODIFIED AND REMANDED.**