# IN THE COURT OF APPEALS OF IOWA

No. 17-1582
Filed August 1, 2018

**STATE OF IOWA,**
   Plaintiff-Appellee,

**vs.**

**SCOTT ROBERT SANDSTROM,**
   Defendant-Appellant.
_____

   Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.


   Scott Sandstrom appeals from the sentence imposed following his guilty pleas.  **AFFIRMED.**


   Mark C. Smith, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

   Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.


   Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**DANILSON, Chief Judge.**

Scott Sandstrom appeals from the sentence imposed following his guilty pleas, contending he did not voluntarily waive use of the presentence investigation. He also asserts the court failed to consider letters filed with the court, made an erroneous reference to matters outside the record, and gave inadequate reasons for the sentence imposed. Finding no legal errors or abuse of the court's discretion, we affirm.

**I. Background Facts.**

After assaulting a convenience store clerk and taking money from the store, Scott Sandstrom was charged with robbery in the second degree, in violation of Iowa Code sections 711.1 and .3 (2017), and theft in the first degree, in violation of sections 714.1 and .2(1).

On September 8, 2017, Sandstrom entered guilty pleas to both charges. The plea agreement, which was made part of the record, provided Sandstrom would plead guilty to both counts of the amended trial information and the parties would jointly recommend the district court impose the seventy-percent mandatory minimum on the robbery charge, and the two ten-year sentences would run consecutively for an indeterminate period not to exceed twenty years in prison.

The court first informed Sandstrom the minimum term for second-degree robbery was seven years (seventy percent of the ten-year term). Defense counsel interjected, noting the July 1, 2017 change in the law. The court observed, "That is true. There's a range of [fifty] percent to [seventy] percent at the court's discretion." Sandstrom requested immediate sentencing, waiving consideration of the presentence investigation report (PSI). The district court imposed the agreed-

upon sentence stating, "The court does this by virtue of the plea agreement and your age, [and] the court's understanding of your prior criminal record."[1]

On appeal, Sandstrom contends he was not adequately advised about the function of the PSI and, thus, he did not voluntarily waive its use; the court failed to consider letters filed with the court; the court made an erroneous reference to matters outside the record; and the court gave inadequate reasons for the sentence imposed.

## II. Scope and Standards of Review.

We review sentencing challenges for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will not reverse "absent an abuse of discretion or some defect in the sentencing procedure." *Id.*

## III. Analysis.

*A. Preservation of error.* As an initial matter, the State asserts Sandstrom cannot challenge his waiver of the use of the PSI because he did not file a motion in arrest of judgment. We agree with Sandstrom, however, that Iowa Rule of Criminal Procedure 2.24(3)(a) is not implicated here because he is not challenging the adequacy of his guilty plea proceeding.[2] *Cf. State v. Meron*, 675 N.W.2d 537, 540 (Iowa 2004) ("Generally, a defendant must file a motion in arrest of judgment

---

[1] On the sentencing-order form, the court checked these "sentencing considerations" boxes: "Defendant's age"; "Defendant's prior record of convictions and deferments of judgment, if any"; "the nature of the offense committed"; "the plea agreement"; and "statutory sentencing requirements." Sandstrom argues that because there was no discussion of Sandstrom's prior criminal record, checking the box related to prior record entitles him to a new sentencing.

[2] Rule 2.24(3)(a) states, in part, "A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant right to assert such challenge on appeal."

*to preserve a challenge to a guilty plea* on appeal." (emphasis added)). Rather, his allegations relate to his sentencing.

*B. Waiver.* Sandstrom maintains he did not voluntarily and knowingly waive the use of the PSI. Iowa Code section 901.2(2)(b) provides the "court shall order" a PSI in certain instances, which "shall not be waived." While a defendant may not waive the *preparation* of a PSI report, a defendant may waive the *use* of the PSI report. *Campbell v. State*, 576 N.W.2d 362, 364 (Iowa 1998); *State v. Thompson*, 494 N.W.2d 239, 241 (Iowa 1992). If a defendant knowingly and voluntarily waives the use of the PSI report in the sentencing process, a defendant cannot later complain of its waiver. *Campbell*, 576 N.W.2d at 364. The "district court must determine whether a defendant's waiver of the use of a PSI report is knowing and voluntary and ensure that the defendant is aware the report could contain favorable information which could result in a lesser sentence." *Id.*

Here, the district court substantially complied with *Campbell* and *Thompson*, identifying what would be included in the PSI.[3] Sandstrom would be aware the PSI could contain favorable information. This record reflects, and the district court found, Sandstrom's waiver was knowing and voluntary.

*C. Failure to consider letters.* Sandstrom next argues the court failed to consider "all pertinent information," contrary to Iowa Code section 901.5.[4]

---

[3] The court stated, "A background check will be done on you called a presentence investigation. That indicates social history, criminal history, mental and physical health, family conditions, and so forth."

[4] Section 901.5 states,

> After receiving and examining all pertinent information, including the presentence investigation report and victim impact statements, if any, the court shall consider the following sentencing options. The court shall determine which of them is authorized by law for the offense, and of the authorized sentences, which of them or which combination of them, in the

Sandstrom contends the court erred in not considering a September 7, 2017 electronic filing entitled "other event letters of support." The filing included three letters, two written commendations, and a certificate of appointment.

The letters and documents bear a filing stamp of 4:07 p.m. on September 7, 2017. The transcript indicates the plea hearing began at 8:18 a.m. on September 8.

The court is required to consider information offered by the defendant relevant to the question of sentencing. *See* Iowa Code § 901.2(1).[5] If the letters were mailed to the court by the individuals themselves, rather than presented by the defendant, then the letters may have qualified as information "from other sources," which the court "may" consider. *See id.*

From this record, we are unable to determine who may have filed the letters of support. Sandstrom did not offer the letters as exhibits or bring them to the attention of the court during the hearing. Thus, we are unable to determine whether the court was under an obligation to consider the letters on behalf of the defendant or could consider the letters pursuant to Iowa Code sections 901.2(1) and 901.5. Nor do we know if the court considered the letters but did not specifically acknowledge them. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) ("[T]he failure to acknowledge a particular sentencing circumstance

---

discretion of the court, will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others.

[5] Section 901.2(1) provides:

Upon a plea of guilty . . . the court shall receive from the state, from the judicial district department of correctional services, and from the defendant any information which may be offered which is relevant to the question of sentencing. The court may consider information from other sources.

does not necessarily mean it was not considered."). If filed by the defendant, before we can conclude the sentencing court erred, we believe at a minimum the defendant must either offer the letters as exhibits or bring to the court's attention that other mitigating evidence was electronically filed.

*D. Reasons for sentence.* A sentencing court is required to state on the record its reasons for imposing a particular sentence. Iowa R. Crim. P. 2.23(3)(d); *see also* Iowa Code § 901.5.

> We review the district court's sentence for an abuse of discretion. A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable. A district court's ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law. When a sentence is not mandatory, the district court must exercise its discretion.

*State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016) (altered for readability).

Where a court has no discretion in selecting a sentence, failure to state the reasons for a sentence will not result in remand. *State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983). In *Snyder*, the Iowa Supreme Court held that when sentencing is based on a plea agreement there has been no exercise of discretion. *Id.*; *see also State v. Cason*, 532 N.W.2d 755, 756-57 (Iowa 1995) (holding where "the sentencing court was merely giving effect to the parties' agreement," no abuse of discretion occurred). Therefore, there is no purpose for the statement of reasons, and failure to give reasons for a sentence is harmless. *Snyder*, 336 N.W.2d at 729.

Sandstrom argues *Hill* implicitly overturns *Cason* and *Snyder*, and requires the district court to memorialize the specific reasons for selecting a particular sentence, even when the court adopts the parties' plea agreement. *See generally*

878 N.W.2d at 273-75. We disagree. *Hill* did not overturn the line of cases where the court simply imposes the sentence provided by the plea agreement. *Hill* simply stated a court must give reasons for imposing consecutive sentences to provide for a proper review of the sentencing court's exercise of discretion—as required by Iowa Rule of Criminal Procedure 2.23(3)(d). *Id.* at 273. Unlike the facts in the instant case, in *Hill* there was no plea agreement relative to sentencing or even joint sentencing recommendations. *See id.* at 272. Sandstrom received the sentence he requested and should not be able to complain now. The district court stated in its oral rendition and the sentencing order that the court was imposing the sentence consistent with the plea agreement.

Sandstrom also contends the court should not blindly accept a plea agreement without articulating reasons for accepting it. "We review the court's determination to accept or reject a plea agreement for abuse of discretion." *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014).

We first note, neither party nor the record suggest the plea was conditioned upon the concurrence of the court and tendered pursuant to Iowa Rule of Criminal Procedure 2.10(2). Thus, the court was not required to undergo the litany and colloquy required by rule 2.10(2).

We agree the sentencing court must give due consideration in determining whether to follow and accept plea agreements. However, the court is not always privy to all the reasons why the plea arrangement was agreed upon. There could be many underlying reasons why the State and the defendant chose to reach the agreement—some of which the parties might wish to publicly announce and some that perhaps they would prefer remain confidential. In a busy court, the sentencing

court need not micromanage the reasons each party may have to enter the agreement and then recite a litany of reasons supporting the agreement when the court adopts it in full.  Moreover, the "*Snyder-Cason* principle" was recently referred to in *State v. Thacker*, 862 N.W.2d 402, 410 (Iowa 2015).  In *Thacker*, the supreme court stated, "[W]hen a district court simply imposes a sentence agreed to by the parties it does not exercise discretion in a fashion that requires a statement of reasons on the record." *Id.*

The court imposed the sentence pursuant to the plea agreement.  We find no error of law or abuse of discretion.  We therefore affirm.

**AFFIRMED.**