# IN THE COURT OF APPEALS OF IOWA

No. 21-1452
Filed April 27, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**STEPHEN JOSEPH WINK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dallas County, Randy V. Hefner, Judge.

        A defendant appeals the consecutive sentences imposed following his guilty pleas. **AFFIRMED.**

        Richard Hollis, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

        Considered by May, P.J., and Schumacher and Badding, JJ.

**BADDING, Judge.**

Complaining about "a self-inflicted wound," *State v. Mandicino*, 509 N.W.2d 481, 481 (Iowa 1993), Stephen Wink challenges the consecutive sentences imposed following his written guilty pleas to homicide by vehicle and serious injury by vehicle stemming from a fatal accident caused by his drunk driving.[1]  In those guilty pleas, which were accepted by the district court just a few days before sentencing, Wink waived the court's use of the presentence investigation report required by Iowa Code section 901.2.  The court accordingly ordered that a report be prepared but sentenced Wink without it.  Now, on appeal,[2] Wink claims that the court doing what he asked violated his due process rights under the federal and state constitutions.  We cannot agree.

As the State asserts, "Wink waived the very error he alleges."  Our supreme court has long held that a party cannot "predicate error upon the court's doing the very thing [he] requested the court to do."  *State v. Beckwith*, 53 N.W.2d 867, 869 (Iowa 1952).  Wink tries to avoid this problem by arguing that in sentencing him without the use of a presentence investigation report, the district court imposed an

---

[1] The district court sentenced Wink to indeterminate prison terms of twenty-five years on the offense of homicide by vehicle, a class "B" felony in violation of Iowa Code section 707.6A(1) (2018), and five years on the offense of serious injury by vehicle, a class "D" felony in violation of Iowa Code section 707.6A(4), resulting in a total sentence not to exceed thirty years.

[2] Because Wink is challenging his sentence rather than his guilty plea, he has good cause to appeal.  *See* Iowa Code § 814.6(1)(a)(3)); *State v. Davis*, ___ N.W.2d ___, ___, 2022 WL 815303, at *5 (Iowa 2022).  We reject the State's arguments to the contrary.  *See State v. Ramirez*, No. 20-0322, 2021 WL 1016603, at n.4 (Iowa Ct. App. Mar. 17, 2021) (allowing direct appeal from imposition of sentence after defendant's stipulation to probation violations where defendant challenged the court's failure to allow his attorney a chance to review the presentence investigation report).

illegal sentence that can be corrected at any time. *See* Iowa R. Crim. P. 2.24(5)(a); *see also State v. Lathrop*, 781 N.W.2d 288, 293 (Iowa 2010). But while an illegal sentence may be challenged at any time, we do not "allow challenges to sentences that, because of procedural errors, are illegally *imposed.*" *Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001). Wink's claim that the court violated his federal and state due process rights by sentencing him without the use of a presentence investigation report is a challenge to the sentencing procedure and not a claim the "sentence is intrinsically unconstitutional." *State v. Gordon*, 921 N.W.2d 19, 23 (Iowa 2018); *accord Coonrad v. State*, 2013 WL 5760622, at *1 (Iowa Ct. App. Oct. 23, 2013). Because Wink did not make this claim before the district court, he cannot raise it on appeal for the first time. *Accord Gordon*, 921 N.W.2d at 23–24; *State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019). And even if he could, Wink has not articulated how his due process rights were violated. *See Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments.").

Setting aside these error-preservation problems, we find that Wink's claim fails on its merits. Under section 901.2(2)(b), a "court is required to order a presentence investigation when a defendant is found guilty of" a class "B" or "D" felony, as Wink was here, "and its preparation cannot be waived." *Campbell v. State*, 576 N.W.2d 362, 363 (Iowa 1998). That being said, our supreme court has long recognized that the report's *use* can be waived. *Id.* at 364 ("We have previously recognized a defendant may waive the use but not the preparation of a [presentence investigation report]."); *accord State v. Thompson*, 494 N.W.2d 239,

241 (Iowa 1992). Wink's only response to this clear adverse authority is that these cases are "rather old."[3] Old or not, they are still good law and control the claim made by Wink. We accordingly affirm the sentences imposed by the district court.

**AFFIRMED.**

---

[3] Wink does not, for instance, claim that his waiver was not knowing or voluntary. *Cf. Thompson*, 494 N.W.2d at 241.