# IN THE COURT OF APPEALS OF IOWA

No. 24-1223
Filed September 4, 2025

**DAVID JAY NUNO,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Mills County, Jennifer Benson Bahr,

Judge.


        David Nuno appeals the denial of his application for postconviction relief.

**AFFIRMED.**


        Gregory F. Greiner, West Des Moines, for appellant.

        Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney

General, for appellee State.


        Considered without oral argument by Greer, P.J., and Badding and

Chicchelly, JJ.

**CHICCHELLY, Judge.**

David Nuno appeals the denial of his application for postconviction relief (PCR) concerning his conviction for sexual abuse in the second degree. He alleges ineffective assistance of both his trial and appellate counsel.[1] Because we find Nuno did not establish his counsel failed to perform an essential duty, we affirm.

## I. Background Facts and Proceedings

David Nuno was charged with four counts of sexual abuse in the second degree of eight-year-old L.S. and five-year-old H.R. On September 28, 2017, a jury convicted Nuno of one count of sexual abuse of H.R. At sentencing, the court heard victim impact statements from a family member, a friend of the family, and L.S. The district court then imposed the statutorily required sentence of twenty-five years of incarceration with a 70% mandatory minimum.

Nuno timely filed for appeal, arguing his constitutional right to confront the State's witnesses were violated, the denial of his motion for new trial applied the wrong legal standard, and trial counsel was ineffective for failing to object to hearsay testimony, vouching testimony, and victim impact statements from non-victims. *State v. Nuno*, No. 17-1963, 2019 WL 1486399, at *1 (Iowa Ct. App Apr. 3, 2019). Upon our review, we found the district court applied the correct standard in denying the motion for new trial. *Id.* at *4. We preserved Nuno's

---

[1] Nuno also raises an actual innocence argument. To prove his actual innocence claim, Nuno must show by clear and convincing evidence no reasonable fact finder could convict him. *Schmidt v. State*, 909 N.W.2d 778, 797 (Iowa 2018). On appeal, he presents no argument supporting actual innocence. Therefore, he has waived his actual innocence claim. *See State v. Seering*, 701 N.W.2d 655, 661 (Iowa 2005).

ineffective-assistance-of-counsel claims for PCR proceedings and affirmed his conviction. *Id.* at *7.

Nuno timely filed a PCR application, arguing ineffective assistance of both trial and appellate counsel. This application was denied and now comes before us on appeal.

## II. Standard of Review

We generally review PCR proceedings for correction of errors at law. *See Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019). But because ineffective assistance-of-counsel claims implicate constitutional issues, our review is de novo. *See Goode v. State*, 920 N.W.2d 520, 523–24 (Iowa 2018).

## III. Discussion

To succeed on a claim of ineffective assistance of counsel, Nuno must satisfy the two-prong test that (1) his counsel failed to perform an essential duty and (2) such failure prejudiced him. *State v. Majors*, 940 N.W.2d 372, 391 (Iowa 2020) (noting the two-prong test for ineffective-assistance-of-counsel claims was set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). For the first prong, "we begin with the presumption that the attorney performed competently." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). To overcome this presumption, Nuno must prove "counsel's representation [fell] below an objective standard of reasonableness." *Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011) (quoting *Strickland*, 466 U.S. at 688). For the second prong, he "must prove 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). An applicant must prove "both ineffective assistance and prejudice," so

we need not address both elements if one is not established. *Ledezma*, 626 N.W.2d at 142. "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Id.*

### A. Alleged Ineffective Assistance of Trial Counsel

Nuno contends his trial counsel was ineffective for failing to object to victim impact statements by individuals who did not meet the definition of victim. *See* Iowa Code § 915.10(3) (2017) (defining victim). Even if a party has no standing under section 915.10 to provide a victim impact statement, we are not required to vacate the sentence unless prejudice results. *See State v. Sumpter*, 438 N.W.2d 6, 9 (Iowa 1989).

Thus, Nuno's argument turns on whether the district court improperly considered the victim impact statements in fashioning its sentence. But Nuno was convicted of sexual abuse in the second degree, which carries a mandatory minimum sentence. *See* Iowa Code § 902.12(1)(c). Because the court imposed the mandatory sentence, Nuno cannot show he was prejudiced by the victim impact statements.

Next, Nuno raises the potential of collateral consequences from the inclusion of the victim impact statements in the presentence investigation report prepared by the department of corrections. But the primary purpose of the presentence investigation report is to assist the district court in sentencing. *State v. Uthe*, 541 N.W.2d 532, 533 (Iowa 1995) (per curiam). In *Uthe*, the defendant asked the court to provide the department of corrections with a new presentence investigation report after the defendant noted inaccuracies in the report. *Id.* at 532. Our supreme court held "any use of the presentence report by the department of

corrections is secondary to its use by the court." *Id.* at 533. Similarly, Nuno cannot establish that he has faced any collateral consequences from the inclusion of the victim impact statements in his presentence report. Even if Nuno was faced with collateral consequences from the department of corrections, he can "raise any issues regarding inaccuracies in the report with the department of corrections." *Id.* Therefore, Nuno cannot establish prejudice from the inclusion of victim impact statements in his presentence report.

### B. Alleged Ineffective Assistance of Appellate Counsel

Nuno contends his trial counsel was ineffective for failing to assert two grounds for reversal on direct appeal. Essentially, Nuno argues appellate counsel should have raised (1) the district court's decision to allow testimony from a late-listed witness by the State and (2) the denial of his motion for new trial on the ground that it was difficult to understand the testimony of the victim.

At the outset, Nuno cannot establish his appellate counsel's performance fell below the normal range of competency. "Highly competent appellate lawyers generally assign only the strongest points and rely on them for reversal. . . . Hindsight [may show the] judgment call . . . was wrong. But this is a far cry from qualifying as ineffective representation." *Cuevas v. State,* 415 N.W.2d 630, 633 (Iowa 1987); *see also Jones v. State,* 479 N.W.2d 265, 272 (Iowa 1991). Appellate counsel is presumed to have acted competently. *Ledezma*, 626 N.W.2d at 142.

Upon our review, we find that appellate counsel made reasonable strategic decisions. First, we reject Nuno's claim that the State's late notice of a witness was viable grounds for appeal. The State did give late notice of an expert witness. However, the State had previously listed the witness and only provided additional

minutes of testimony to correct an error with her last name. The district court remedied this late disclosure by allowing Nuno to depose the expert. That remedy was not only allowable but preferred by law, and it does not amount to abuse of discretion. *See* Iowa R. Crim. P. 2.19(2)–(3) (2017). Because alleging this ground on appeal would have been futile, appellate counsel did not render ineffective assistance by failing to raise it. *See State v. Taylor*, 689 N.W.2d 116, 134 (Iowa 2004) ("[C]ounsel has no duty to raise an issue that lacks merit.").

Second, Nuno alleges appellate counsel should have raised on direct appeal the district court's denial of his motion for new trial on the ground that it was difficult to understand the testimony of the victim. But we find error was not preserved during the trial on this ground. "[O]bjections must be raised at the earliest opportunity after the grounds for the objection become apparent." *Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001). Instead, Nuno attempted to file a bill of exceptions after his trial concluded. The district court denied the motion, finding the record did not establish the victim was difficult to understand. Appellate counsel acted reasonably by not raising an unpreserved ground on direct appeal. Thus, we conclude that Nuno cannot show his appellate counsel's performance fell below the normal range of competency.

## IV. Disposition

Because Nuno fails to show ineffective assistance of trial or appellate counsel, we affirm the district court's denial of PCR.

**AFFIRMED.**