# IN THE COURT OF APPEALS OF IOWA

No. 24-2050
Filed October 29, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**COURTNEY MORGAN ASHBY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Muscatine County, Joel W. Barrows, Judge.

Courtney Ashby appeals the sentencing imposed after pleading guilty to theft in the second degree and extortion. **AFFIRMED.**

Jane M. White of Boles Witosky & Stewart, Des Moines, for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered without oral argument by Ahlers, P.J., and Chicchelly and Sandy, JJ.

**CHICCHELLY, Judge.**

Courtney Ashby appeals the district court's imposition of a prison sentence after she entered pleas of guilty to theft in the second degree in violation of Iowa Code section 714.2(2) (2022) and extortion in violation of Iowa Code section 711.4(1)(a). She alleges the district court abused its discretion by declining to suspend the prison sentence in favor of probation. Upon our review, we affirm.

## I.      Background Facts and Proceedings

Beginning in October 2022, Ashby began to request money under false pretenses from a man she met on Tinder. Initially only requesting $100 on Cash App, she began to request larger amounts under the guise that the transactions were not going through and therefore the money needed to be resent. From October 25, 2022, to November 21, 2022, she secured $11,326 in Cash App transactions from the man.

The State initially charged Ashby with: count I, ongoing criminal conduct, count II, first-degree theft, and count III, extortion. Pursuant to a plea agreement, Ashby entered a guilty plea to the lesser-included offense of count II, second-degree theft, and to count III as charged. The State agreed to dismiss count I. The plea agreement allowed the State to argue for a concurrent term of incarceration and allowed Ashby to argue for a lesser sentence.

At sentencing, the district court sentenced Ashby to a five-year indeterminate prison sentence on each count to be served concurrently. The district court denied her request for probation. Ashby now appeals[1].

---

[1] As a preliminary matter, the right of appeal is limited for convictions reached pursuant to a plea agreement. *See* Iowa Code § 814.6(1)(a)(3) (2024). We find

## II.      Standard of Review

We review sentencing decisions for correction of errors at law.  *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020).  The sentencing court is given "broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society."  *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022).  This discretion "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor," and we will only reverse for an abuse of discretion.  *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).  An abuse of discretion occurs when "the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable."  *Id.*

## III.      Discussion

The sentencing court weighs "the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform" against the defendant's criminal history, family circumstances, and the societal goals of sentencing.  *Damme*, 944 N.W.2d at 106.  The district court's reasons for a particular sentence may be "terse and succinct" if "the reasons for the exercise of discretion are obvious in light of the statement and the record before the court."  *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015).  Due to the discretionary nature of sentencing, the court's consideration of proper factors "will not always lead to the same sentence."  *Formaro*, 638 N.W.2d at 725.  "Yet, this

---

there is good cause for appeal because Ashby is challenging her discretionary sentences rather than the guilty plea.  *See State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021).

does not mean the choice of one particular sentencing option over another constitutes error." *Id.*

Ashby argues the district court erred by failing to "specifically address any factors as mitigating, focusing almost exclusively on her criminal history." She further argues the district court did not consider relevant factors such as Ashby's age, employment status, family circumstances, and substance use history. *See* Iowa Code § 907.5 (2022) (outlining sentencing factors).

At sentencing the district court stated:

> So, Ms. Ashby, you know, you say that you want to learn from this experience. As I look at your criminal history, you know, the problem I see here is you haven't learned from any of your previous experiences in the system, and in fact, your record on supervision leaves a lot to be desired. I don't even know how many failures to appear I see in the PSI[2], but it's an astonishing number.
> . . . .
> The reasons for the sentence I've alluded to, to some degree already, but clearly they include Ms. Ashby's criminal history, particularly her—her previous difficulties on supervision, and the recommendation of the PSI author.

The consideration of these factors is not only proper, but it is required by statute. *See* Iowa Code §§ 901.5, 907.5(1)(a)–(g). And the mere fact that Ashby requested a different sentence is not an abuse of discretion. *See Formaro*, 638 N.W.2d at 725. Instead, it reflects "the discretionary nature" of sentencing. *Id.* "Our task on appeal is not to second-guess the sentencing court's decision" but to determine whether the court considered some improper factor. *Damme*, 944 N.W.2d at 106.

---

[2] PSI refers to the presentence investigation report.

Further, at the sentencing hearing the district court stated it was relying on the information contained in the PSI. The primary function of the presentence investigation report is to provide pertinent information to aid the district court in sentencing a defendant. *State v. Uthe*, 541 N.W.2d 532, 533 (Iowa 1995). Ashby alleges the district court failed to consider her age, employment status, family circumstances, and substance use history. But all this information was contained within the PSI. Because we find no evidence that the district court relied on an improper factor or abused its discretion, we affirm her sentences.

**IV.     Conclusion**

Because we find the district court did not rely on improper sentencing factors in imposing a prison sentence, we affirm Ashby's sentences.

**AFFIRMED.**