STATE of Iowa, Appellee,

v.

**Peggy Lee (Liddle) JOHNSON, Appellant.**

No. 96–1782.

Supreme Court of Iowa.

Oct. 22, 1997.

Gerald B. Carney, Waverly, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, and Timothy M. Baldwin, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, NEUMAN, ANDREASEN, and TERNUS, JJ.

PER CURIAM.

On March 9, 1996, the defendant, Peggy Lee (Liddle) Johnson, was arrested for operating a motor vehicle while intoxicated (OWI), third offense, in violation of Iowa Code section 321J.2 (1995). She had an intoxilyzer test result of .211. At the time of her arrest the defendant was on probation for a 1995 OWI conviction, and her pretrial release evaluation indicated she may have an alcohol problem.

On August 12, 1996, the defendant pled guilty to OWI, third offense, and the court ordered the preparation of a presentence investigation (PSI) report and a substance abuse evaluation. At the time of the sentencing hearing, the court had received the PSI report but not the defendant's substance abuse evaluation. Defense counsel informed the court he had spoken with the author of the evaluation and it was his understanding she recommended out-patient treatment. The court then asked the parties if they objected to going forward with the sentencing despite the absence of the evaluation. Defense counsel, the defendant, and the State all agreed the sentencing should proceed.

The court sentenced the defendant to an indeterminate five-year term of incarceration, and ordered her to participate in an OWI program. On appeal, the defendant argues the court erred in sentencing her without a substance abuse evaluation. The State argues the defendant waived the use of the substance abuse evaluation and has therefore waived the issue on appeal. It alternatively argues a substance abuse evaluation was not required because the sentencing court had substantially equivalent information and the public interest in requiring an evaluation had been fully served. The court's review is for the correction of errors at law. *State v. Thompson,* 494 N.W.2d 239, 240 (Iowa 1992).

▪ Where a defendant is convicted of a second or subsequent OWI offense, the district court is required to order the preparation of a substance abuse evaluation prior to sentencing. Iowa Code § 321J.3.[1] We have recognized two exceptions to this requirement: (1) when the court receives the substantial equivalent of a substance abuse evaluation; and (2) when the public interest in securing an evaluation has been fully served. *State v. Ruiter,* 547 N.W.2d 226, 227 (Iowa 1996).

▪ At issue in this appeal is whether a defendant may waive the use (as opposed to the preparation) of a substance abuse evaluation. We have previously recognized that a defendant may "knowingly and voluntarily" waive the use of a PSI report at sentencing. *Thompson,* 494 N.W.2d at 241. Yet unlike a

---

1. Section 321J.3 provides in relevant part:
   [I]f the defendant is charged with a second or subsequent offense, the court shall order the defendant, on conviction, to undergo a substance abuse evaluation and the court shall order the defendant to follow the recommendations proposed in the substance abuse evaluation for appropriate substance abuse treatment for the defendant.

PSI report, the public at large has an interest in obtaining a substance abuse evaluation and potential treatment for an OWI offender. *State v. Squires,* 545 N.W.2d 557, 559 (Iowa 1996). Evaluation and possible treatment can benefit the public by aiding persons who, but for substance abuse, would make useful citizens who would pose no threat to society. *Id.*

We have previously acknowledged that the public's interest in the preparation and use of a substance abuse evaluation might not be identical with the interests of a defendant. *Id.* While a defendant can knowingly and intelligently waive his interest in the use of a substance abuse evaluation, only the court can ensure that the public's interest is protected. If the court has received information which confirms that the public interest in securing a substance abuse evaluation has been fully served, then it can approve of a defendant's waiver of the use of the substance abuse evaluation at sentencing.

Such information existed in this case. This was the defendant's third OWI conviction and she had also previously been convicted of driving while her license was suspended. She was on probation for her second OWI offense when the third offense occurred. The PSI report revealed that following her third arrest the defendant failed to comply with a substance abuse treatment program and was unsuccessfully discharged in July 1996. Moreover, the court was informed that the substance abuse report would contain a recommendation for out-patient treatment. Given this information, the trial court had sufficient knowledge of the nature and extent of the defendant's substance abuse problem to make an informed sentencing decision. Therefore, the public interest in securing a substance abuse evaluation was fully served, and the court's approval of the defendant's waiver of the use of the substance abuse evaluation is affirmed.

**AFFIRMED.**