# IN THE COURT OF APPEALS OF IOWA

No. 20-1181
Filed July 21, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ROBERT RITCHIE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Cynthia M. Moisan, District Associate Judge.

Robert Ritchie appeals his sentence after pleading guilty to operating while intoxicated, second offense. **SENTENCE AFFIRMED IN PART AND REMANDED FOR ENTRY OF A CORRECTED SENTENCING ORDER.**

Matthew M. Boles and Adam C. Witosky of Gribble Boles Stewart & Witosky Law, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

After entering a plea of guilty, Robert Ritchie appeals his sentence for operating while intoxicated (OWI), second offense, under Iowa Code section 321J.2 (2019). First, Ritchie claims the district court erred by denying him his right of allocution. Next, Ritchie asserts his sentence is illegal because the district court failed to order compliance with recommendations proposed in a substance-abuse evaluation, as required by Iowa Code section 321J.3(1)(a).[1] Lastly, Ritchie argues the district court abused its discretion by failing to consider a critical health issue before sentencing him to prison. He requests his sentence be vacated and remanded for resentencing.

**I. Facts and Earlier Proceedings.**

Ritchie was charged with OWI, third offense, and driving while his license was denied or revoked in September 2019. At the initial appearance, the district court ordered Ritchie to obtain and file a substance-abuse evaluation before his next court date. Ritchie complied by filing a substance abuse evaluation in October. As part of a plea agreement negotiated with the State, Ritchie pled guilty to the amended charge of OWI, second offense, in March 2020. The written plea stated in part:

---

[1] Iowa Code section 321J.3(1)(a) provides:

> In addition to orders issued pursuant to section 321J.2, subsections 3, 4, and 5, and section 321J.17, the court shall order any defendant convicted under section 321J.2 to follow the recommendations proposed in the substance abuse evaluation for appropriate substance abuse treatment for the defendant. Court-ordered substance abuse treatment is subject to the periodic reporting requirements of section 125.86.

> In exchange for my plea of guilty to the above charges the State and Defendant jointly recommend minimum fines, fees and surcharges; and placement at Fort Des Moines Residential Facility. Heather Bell has been contacted for screening purposes. Further, Count II [driving while his license was denied or revoked] shall be dismissed.

Sentencing took place in September after multiple continuances due to the COVID-19 public health emergency and concerns with Ritchie's asthmatic condition. The sentencing hearing was not transcribed, and Ritchie did not waive his right to have the proceeding transcribed. Once he appealed, Ritchie filed a statement of evidence and proceedings pursuant to Iowa Rule of Appellate Procedure 6.806. Because the State did not file a response, Ritchie's rule 6.806 statement, along with the sentencing order, constitutes the record of the sentencing proceeding on appeal.

The sentencing order reflects that the court sentenced Ritchie to a term of incarceration not to exceed two years, electing to not follow the joint recommendation in the plea agreement that Ritchie go to a residential treatment facility. Instead, the district court placed Ritchie in the custody of the Iowa Department of Corrections, and he was eventually sent to prison. Under the statement of proceedings, Ritchie describes how the proceedings transpired. First, his counsel protested the sentence noting that the sentencing hearing was continued in August because placement in the county jail was unsafe in light of Ritchie's asthmatic condition and the risk of contracting COVID-19. The court was unmoved. Ritchie's counsel pointed to the joint recommendations in the plea agreement and indicated a representative from the residential treatment facility was "outside waiting to transport Mr. Ritchie pursuant to the normal protocol both of the treatment facility as well as the Polk County Attorney's Office." The court

asked Ritchie whether he had been through the residential treatment facility before; he said he had in the year 2000. The court then told him he was not eligible for a return to that facility. Ritchie's counsel "attempted" to explain that the previous stint "was part of the normal protocol going through being released from prison." According to Ritchie, the court did not allow him or counsel to explain "that Mr. Ritchie had never been through the Fort Des Moines OWI program." Ritchie's counsel requested a continuance, and again "attempted" to explain the plan was for Ritchie to go to the residential treatment facility to attend the OWI program. The court nixed Ritchie's protests, indicating "it was the date for sentencing and this was the order of the court." Ritchie became agitated but was eventually transported to the county jail. The court set his appeal bond at $15,000 cash only. He appeals his sentence.

## II. Standard of Review and Error Preservation.

Ritchie first argues the district court denied him his right of allocution. We review for abuse of discretion. *State v. Shadlow*, No. 11-2047, 11-2048, 2013 WL 263340, at *1 (Iowa Ct. App. Jan. 24, 2013) (citing *State v. Craig*, 562 N.W.2d 633, 634 (Iowa 1997)). Next, Ritchie claims his sentence is illegal because the district court failed to order compliance with the recommendations in his substance-abuse evaluation, a requirement under Iowa Code section 321J.3(1)(a). We review for correction of errors at law when the legality of a sentence is challenged on non-constitutional grounds. *State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017). Finally, Ritchie argues the district court abused its discretion in failing to consider a health issue before sentencing him to prison. We review for abuse of discretion. *State*

*v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015) ("We use the abuse of discretion standard if the sentence is within the statutory limits.").

The Iowa Rules of Criminal Procedure allow for the correction of an illegal sentence at any time. Iowa R. Crim. P. 2.24(5)(a). Sentencing errors "may be challenged on direct appeal even in the absence of an objection in the district court." *State v. Lathrop*, 781 N.W.2d 288, 293 (Iowa 2010).

## III. Analysis.

To start, we confirm our jurisdiction to hear this appeal. Ritchie pled guilty to an OWI, second offense, which is an aggravated misdemeanor, and judgment was entered against him in September 2020. Under Iowa Code section 814.6(1)(a)(3) (Supp. 2019) a defendant must show "good cause" to appeal a final judgment of sentence from a guilty plea in all cases other than class "A" felonies. Because Ritchie is challenging his sentence, rather than his guilty plea, he has satisfied the good cause requirement. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea."). So we proceed to resolve his issues.

### A. Right of Allocution.

We first address whether Ritchie was afforded his right to allocution, which is codified in Iowa Rules of Criminal Procedure 2.23(3)(a) and 2.23(d). *See also State v. Nosa*, 738 N.W.2d 658, 660 (Iowa Ct. App. 2007). The defendant must "be asked whether the defendant has any legal cause to show why judgment should not be pronounced against the defendant." Iowa R. Crim. P. 2.23(3)(a). And "counsel for the defendant, and the defendant personally, shall be allowed to

address the court where either wishes to make a statement in mitigation of punishment." Iowa R. Crim. P. 2.23(3)(d).

The problem here is we have no transcript of the sentencing hearing to confirm whether Ritchie was given an opportunity to speak before pronouncement of the sentence. Ritchie's statement of the proceedings, along with the sentencing order, comprises our sole record. Ritchie claims in his appellate brief he was not given an opportunity to speak in mitigation of his sentence. We will return to the sentencing order, but we start by examining Ritchie's chronological statement of the proceedings. The State points out Ritchie's timeline (numbered one through twenty-six) "does not actually contradict the sentencing order's statement he was given an opportunity to speak in mitigation of the sentence." The statement generally notes:

> 7. [The court] read through the procedural background of the plea and September 10th was the date and time set for sentencing and proceeded to go forward with sentencing.
> 8. [The court] sentenced Mr. Ritchie to prison.

We agree with the State on this point; Ritchie's statement of the proceedings is actually silent as to whether he was afforded the right to allocution before he was sentenced. And "[i]t is the appellants duty to provide a record on appeal affirmatively disclosing the alleged error relied upon." *In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005). Ritchie's statement does not specifically detail whether he was given the opportunity to speak, but he maintains the statement does not mention allocution "because no opportunity was afforded."

Returning to Ritchie's statement of the proceedings, we note it indicates any attempts to speak against the sentence come *after* he was sentenced.

> 9. At that point, [counsel] indicated to [the court] of the agreement for Mr. Ritchie to go to the Residential Treatment Facility pursuant to the plea agreement and Polk County's procedure regarding OWIs.
> . . . .
> 13. [The court] asked Mr. Ritchie if he had ever been through the Fort Des Moines Facility Before.
> 14. Mr. Ritchie indicated he had gone to the facility in the 2000 calendar year.
> 15. [The court] said he was not eligible for Fort Des Moines.
> 16. [Counsel] attempted to explain to [the court] that when Mr. Ritchie was present at the Fort Des Moines Facility in 2000, it was as part of the normal protocol going through being released from prison.
> 17. [The court] did not allow Mr. Ritchie or [counsel] to explain that Mr. Ritchie had never been through the Fort Des Moines OWI program.

The time for such statements comes *before* judgment is pronounced, not after. *State v. Smith*, No. 17-1228, 2018 WL 2084824, at *2 (Iowa Ct. App. May 2, 2018) (citing Iowa R. Crim. P. 2.23(3)(d)).

Still, Ritchie argues without a transcript of the sentencing hearing the only affirmative indication that he was offered his right of allocution comes from boilerplate language in the sentencing order: "[d]efendant was given an opportunity to speak in mitigation of the sentence."[2]  Under this section of his brief, Ritchie cites several cases supporting his argument that boilerplate language in sentencing orders alone provides an inadequate record for our review.  *See State v. Thacker*, 862 N.W.2d 402, 410 (Iowa 2015) (noting court's failure to adequately state reasons for sentence could not be solved with boilerplate language in the sentencing order); *State v. Lumadue*, 622 N.W.2d 302, 304-305 (Iowa 2001)

---

[2] The district court used a sentencing order template available at http://www.polkcountyiowa.gov/county-attorney/forms/ (Last accessed June 16, 2021).

(remanded for resentencing where no right to allocution was afforded the defendant); *State v. Cooper*, 403 N.W.2d 800, 802 (Iowa Ct. App. 1987) (remanding for resentencing where sentencing hearing was not transcribed and the sentencing order provided only a "vague and generalized" statement of reasons for the sentence).  We note that of the cases cited only *Lumadue* speaks to the right of allocution, and there the State conceded the sentencing court failed to comply with the rule.  622 N.W.2d at 304; *see also State v. Duckworth*, 597 N.W.2d 799, 800 (Iowa 1999) (holding a sentencing court need not use "any particular language" to satisfy rule 22(3)(d); "[s]ubstantial compliance is achieved as long as the district court provides the defendant with an opportunity to volunteer any information helpful to the defendant's cause" (citation omitted)).  The right of allocution has been denied where the "record shows the court made no effort to provide [defendant] with an opportunity to volunteer any information in mitigation of his sentence." *Duckworth*, 597 N.W.2d at 801.

In sum, our decision rests on a battle between Ritchie's self-authored statement of the proceedings, which fails to affirmatively state if "proceeded to go forward with sentencing" means he was not offered his right of allocution, and boilerplate language in the sentencing order saying he was.  The scales tip against Ritchie because "[w]e afford the strong presumption of regularity to the sentencing court due to the great confidence we place in our judges to exercise their discretion appropriately." *State v. Goad*, No. 17-1057, 2018 WL 2084834, at *1 (Iowa Ct. App. May 2, 2018) (citing *State v. Sailer*, 587 N.W.2d 756, 764 (Iowa 1998)).  Accordingly, we find no abuse of discretion and decline to grant Ritchie's request for resentencing on this basis.

**B. Failure to Comply with Section 321J.3(1)(a).**

Next, Ritchie requests resentencing because the district court failed to order compliance with the recommendations in his substance-abuse evaluation. Ritchie correctly posits that the district court was mandated to order compliance with the recommendations from the substance-abuse evaluation. *See* Iowa Code § 321J.3(1)(a) (providing "the court *shall* order any defendant convicted under section 321J.2 to follow the recommendations proposed in the substance abuse evaluation" (emphasis added)); *see also State v. Smith*, No. 14-1567, 2015 WL 6509509, at *2 (Iowa Ct. App. Oct. 28, 2015) (finding Iowa Code section 321J.3(1)(a) "requires the sentencing court to enter an order in line with the recommendations of the substance abuse evaluation."). That was not done here, thus Ritchie's sentence is illegal. The State concedes this point,[3] but urges the proper remedy is an order to correct the omission by the filing of a corrected sentencing order rather than convening a hearing for resentencing.

We agree with the State's proposed remedy. First, almost a year before the sentencing, the filed substance-use assessment recommended Ritchie participate in an outpatient treatment program. The report noted Ritchie agreed with the plan and was directed to an admissions appointment to start treatment. This is similar to the situation found in *State v. Jackson*, No. 17-1816, 2018 WL 6706216, at *1-2 (Iowa Ct. App. Dec. 19, 2018), where a panel of our court remanded for entry of

---

[3]The State also asks we adopt an exception, analogous to two exceptions we allow where district courts fail to order the preparation of a substance-abuse evaluation for defendants convicted for a second or subsequent OWI charge. *See State v. Johnson*, 569 N.W.2d 603, 604 (Iowa 1997). "(1) [W]hen the court receives the substantial equivalent of a substance abuse evaluation; and (2) when the public interest in securing an evaluation has been fully served." *Id.* We decline to do so.

a corrected sentencing order to add the statutorily mandated batterers' treatment program requirement. In *Jackson*, the defendant agreed in the written guilty plea that he was required to complete the batterers' treatment program because of his charge of domestic abuse assault. 2018 WL 6706216, at *1; *see also* Iowa Code § 708.2A(10). There, as here, the district court did not order the defendant to participate in the mandatory program at the oral pronouncement of sentence or in the sentencing order. *Jackson*, 2018 WL 6706216, at *1. Resentencing was not required in *Jackson* because the defendant, like Ritchie, knew he had to participate in the program. *Id.* We find the same remedy is proper here.

### C. Sentencing Decision.

Finally, Ritchie argues the district court abused its discretion because it failed to consider his health risk from COVID-19 in light of his chronic asthma when it decided to impose a jail sentence. He claims the district court "completely disregarded" this concern. "Our task on appeal is not to second guess the sentencing court's decision but to assess 'if it was unreasonable or based on untenable grounds.'" *State v. Deschepper*, No. 18-2188, 2020 WL 1049860, at *1 (Iowa Ct. App. Mar. 4, 2020) (citation omitted). Here, the district court was well aware that Ritchie was at an elevated risk from COVID-19 because of his asthma. In the court filings, Ritchies offered a note from his doctor describing the risk, and sentencing had been continued several times due to COVID-19 concerns. While the district court had a duty to consider all relevant circumstances in sentencing Ritchie, the sentence should "provide [the] maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5. In that analysis, "the

district court is to weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994). The district court weighed the health risks associated with Covid-19 but was not required to specifically address each mitigating circumstance Ritchie urged. *See State v. Hill*, No. 20-0759, 2021 WL 1400722, at *1-2 (Iowa Ct. App. April 14, 2021). The district court imposed a two-year indeterminate sentence, within the statutory limit, and provided an adequate statement of reasons for its decision. We find no abuse of discretion. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) (holding a sentence within statutory limits "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters.").

**IV. Conclusion.**

We find the sentencing court did not deny Ritchie his right of allocution. Likewise, we find no abuse of discretion in the sentence imposed. However, we remand to the district court for entry of a corrected sentencing order requiring Ritchie to comply with the recommendations in his substance-abuse evaluation. All other provisions of the sentencing order shall remain unchanged.

**SENTENCE AFFIRMED IN PART AND REMANDED FOR ENTRY OF A CORRECTED SENTENCING ORDER.**